UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff,

　　v.

GEORGE WEGERS, et al.,

　　　　　　　Defendants.

CASE NO. CR05-231C

ORDER

　　　This matter comes before the Court on Defendant Jimmie Garman's Motion to Strike Surplusage (Dkt. No. 254). Pursuant to Federal Rule of Criminal Procedure 7(d),[1] Defendant seeks to strike specific phrases from paragraphs 1, 3, 6, 8, and 9a of Count 1 and paragraph 2 of Count 6 of the Indictment as surplusage.[2] Having considered the papers submitted by all parties and finding oral argument unnecessary, the Court rules as follows.

---

[1] Fed. R. Crim. P. 7(d) states: "Upon the defendant's motion, the court may strike surplusage from the indictment or information."

[2] Defendant filed his motion before the government filed its First Superseding Indictment on September 1, 2005. Although Defendant's original motion was addressed to the original indictment in this case, the First Superseding Indictment includes all but one of the phrases Defendant challenges. Accordingly, the Court addresses Defendant's arguments as they relate to the First Superseding Indictment (all paragraph cites are to the First Superseding Indictment).

ORDER – 1

The purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect the defendant against "prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988) (quoting *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983)). Defendant argues that the following phrases and sentences in Counts 1 and 6 of the Indictment are surplusage because they are both extraneous to the charges in the Indictment and prejudicial (Defendant challenges all phrases in italics):[3]

1. Count 1, ¶ 3: Describing enterprises membership as "estimated at 2,400 *or more* members."

2. Count 1, ¶ 6: "*Witnesses to their criminal acts are typically the victims of acts of intimidation or harassment and are too afraid [to] approach law enforcement or testify in court proceedings.*"

3. Count 1, ¶ 6: "*Allegiance to this organization and their fellow brothers is valued above all else.*"

4. Count 1, ¶ 6: "*Bandidos OMO members do not fear authority and have a complete disdain for the rules of society.*"

5. Count 1, ¶ 8: "*Failure to obtain the Bandidos OMO permission would typically result in escalating threats and confrontation.*"

6. Count 1, ¶ 9a: Describing criminal organization as "making money" by "*among other things* drug trafficking, trafficking in motor vehicles and motor vehicle parts, and the sale of firearms."

7. Count 6, ¶ 2: "In furtherance of the conspiracy, *at least* one of the following acts was committed by one or more conspirator . . . ."[4]

The government rejoins that these allegations are relevant to the charged offenses and should not

---

[3] Defendant also challenged a description in Count 1 of the original Indictment of the Bandidos as operating "in the United States, including the State of Washington and the State of Montana, *and in other countries around the world*." The government has removed the italicized language from the First Superseding Indictment.

[4] Identical language appears in Count 8, paragraph 2.

ORDER – 2

be stricken.  *See U.S. v. DePalma*, 461 F. Supp. 778, 797 (S.D.N.Y. 1978) ("[I]f evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken. . . . If the allegation is of matters by which the Government hopes to establish the charge, then such allegations can scarcely be called 'surplusage.'").  The government further argues that, in any case, the indictment need not be read verbatim to the jury and that as trial approaches the parties may revisit the issue of which portions of the indictment should be redacted before providing or reading it to the jury.

As a legal matter, defendants have a Constitutional right to have any fact (other than the fact of a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum submitted to a jury and proved beyond a reasonable doubt.  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  These facts must be charged in the indictment.  *Id.*; *see also United States v. Root*, 366 F.2d 377, 381 (9th Cir. 1966) ("Words that are employed in an indictment that are descriptive of that which is legally essential to the charge in the indictment cannot be stricken out as surplusage.").  Accordingly, "[a] motion to strike surplusage will be granted only where it is *clear* that the allegations are not relevant to the crime charged, and are inflammatory and prejudicial. . . . This is a rather exacting standard, it is noted, and only *rarely* has alleged surplusage been stricken." *DePalma*, 461 F. Supp. at 797 (citations omitted).

Given these precedents, a motion to strike portions of the indictment is premature.  The Court cannot conclude at this stage of the proceedings that the language objected to is clearly irrelevant, inflammatory, or prejudicial.

Accordingly, the Court hereby DENIES Defendant's Motion to Strike Surplusage.

SO ORDERED this 13th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 3