UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JIMMIE GARMAN,

    Defendant.

CASE NO. CR05-0231C

ORDER

    This matter comes before the Court on Defendant Jimmie Garman's renewed motion under FEDERAL RULE OF CRIMINAL PROCEDURE 41(g) for the return of property. (Dkt. No. 1054.) Having considered the papers submitted by the parties in light of the complete record in this case, and finding oral argument unnecessary, the Court will DENY the motion for the following reasons.

    This motion arises from the government's seizure of twenty-six firearms with ammunition during the execution of a valid search warrant on Defendant's home on June 9, 2005. (Mot. 3.) Based on evidence seized during that search, Defendant was charged with one count of possessing a firearm with the serial number obliterated, to which he pled guilty and has been sentenced. (Dkt. Nos. 764, 949.) One count of violent crime in aid of racketeering and two counts of witness tampering were dismissed. The Court's judgment includes a condition that Defendant not possess firearms or ammunition. (Dkt. No. 955 at 3.)

ORDER – 1

Under Rule 41(g), a defendant's motion for the return of legitimately seized property may be denied "if the defendant is not entitled to lawful possession of the seized property." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991).  However, Defendant "is presumed to have the right to the return of his property once it is no longer needed as evidence, and the burden of proof is on the government to show that it has a legitimate reason to retain the property." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).

Defendant concedes that he may not *possess* the firearms under 18 U.S.C. § 922(g), but argues that he should be permitted to retain *ownership* and requests that the weapons be returned to a third-party designee of his choosing.  Defendant relies heavily on *United States v. Casterline*, 103 F.3d 76, 78 (9th Cir. 1996), in which the court of appeals reversed a felon-in-possession conviction that was based solely on the defendant's ownership of a firearm, without evidence of actual possession.  *Id.* at 78–79.  The court concluded that "[o]wnership without physical access to, or dominion or control over, the firearm does not constitute possession" for purposes of § 922(g).  *Id.* at 79; *see also United States v. Seifuddin*, 820 F.2d 1074, 1079 (9th Cir. 1987) (felon "could hold a property interest" in firearm "without that interest being possessory").

These rulings notwithstanding, the Ninth Circuit has yet to issue a published opinion addressing a convicted felon's Rule 41(g) motion for the return of seized firearms.  However, the Eighth and Eleventh Circuits have held that a defendant's status as a convicted felon is sufficient reason to deny such a motion.  *See United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000); *United States v. Howell*, 425 F.3d 971, 976–77 (11th Cir. 2005).  In *Felici*, the court held specifically that the defendant was "not entitled to have the firearms held in trust for him by a third party.  Such a request suggests constructive possession.  Any firearm possession, actual or constructive, by a convicted felon is prohibited by law." 208 F.3d at 670; *accord Howell*, 425 F.3d at 977.

The Eighth and Eleventh Circuits' approach is not inconsistent with the Ninth Circuit's holdings in *Casterline* and *Seifuddin*.  There is a fundamental difference between a conviction and potential loss of

ORDER – 2

freedom under § 922(g) based on a non-possessory ownership interest, and a request for the return of firearms seized during a valid search. "The felon-in-possession statute is prophylactic, intended 'to keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without becoming a threat to society.'" *Casterline*, 103 F.3d at 79 (quoting *Scarborough v. United States*, 431 U.S. 563, 572 (1977)). Denying Defendant's request for the return of legitimately seized firearms and ammunition is in keeping with the prophylactic purposes of § 922(g).

For these reasons, the Court finds that the government has carried its burden to show that Defendant Jimmie Garman is not entitled to lawful possession of the seized firearms and ammunition or to have the seized property returned to a third-party designee.[1] The Court therefore DENIES the motion.

SO ORDERED this 2nd day of August, 2006.

UNITED STATES DISTRICT JUDGE

---

[1] Because the Court's decision rests on the application of the preceding legal principles, there is no need for an evidentiary hearing.

ORDER – 3